UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELICA GIBBS, individually, and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> RECOVERY MANAGEMENT SERVICES INC., <br><br> Defendant. | Case No.: <br><br><br> CLASS ACTION COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

Plaintiff, Angelica Gibbs, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate headquarters located in 4200 Cantera Dr #211, Warrenville, IL 60555, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

**FACTUAL STATEMENT**

6. On a date better known by Defendant, Plaintiff incurred a personal student loan obligation from Temple University.

7. On a date better known by Defendant, Defendant began attempting to collect said debt, allegedly due and owing, by sending collection letters to Plaintiff.

8. Plaintiff received letters from Defendant in May and July 2019.

9. Within the letters, Defendant sought respective balances of $3,566.56 and $3,595.56.

10. Of these figures, $2,400 represented the principal of the debt, allegedly owed. The remainder is the result of interest accrual, late fee accrual, miscellaneous fee accrual, and collection costs.

11. Upon information and belief, the collection costs sought are calculated based on a percentage of the full balance placed with Defendant by Temple University.

12. Upon information and belief, Defendant maintains a contract with Temple University wherein Defendant only receives compensation for its collection efforts on a contingency basis if it is successful.

13. However, Temple University will not owe anything to Defendant if it is unsuccessful.

14. The collection fee sought by Defendant has no correlation to any work conducted. Rather, it is an estimate of what its contingency fee will be if it is successful. Nowhere within Defendant's letter does Defendant advise Plaintiff that the collection fee sought is an estimate.

15. At the time the letters were received by Plaintiff, Plaintiff did not in fact owe the collection fee sought. Accordingly, representing these fees as due and owing, falsely represent the character and amount of Plaintiff's debt.

16. Defendant's letter makes additional false threats to Plaintiff. The May letter states: As of the date of this letter, you owe $3,566.56. Because of interest, late charges, and other charges that may vary from day to day, the balance due may increase.

17. Upon information belief, late charges are not in fact accruing on the debt. Thus, this statement is false.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

19. With respect to the Plaintiff's Classes, this claim is brought on behalf of the following classes:

> Collection Fee Class: (a) all consumers nationwide; (b) for whom Defendant was seeking to collect on behalf of Temple University; (c) for which Defendant represented that its collection fee was due and owing; (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

> Late Fee Class: (a) all consumers nationwide; (b) for whom Defendant was seeking to collect on behalf of Temple University; (c) for which Defendant represented that late fees would accrue in the event of non-payment; (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

20.     Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

21.     Upon information and belief, Defendant has made similar collection attempts to over forty (40) consumers throughout the United States, each of which violates the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.     The letters sent by Defendant, and received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

24.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

25. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

27. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

28. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

29. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

31. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

36. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

37. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

38. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2), 1692e(10) .

WHEREFORE, Plaintiff, Angelica Gibbs, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

    e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

39. Plaintiff demands a jury trial on all issues so triable.

Dated this 24th day of April, 2020.

    Respectfully Submitted,

    */s/ Nicholas Linker, Esq.*
    Nicholas Linker, Esq.
    ZEMEL LAW LLC
    1373 Broad Street, Suite 203-C
    Clifton, New Jersey 07013
    T:  (862) 227-3106
    F:  (973) 282-8603
    nl@zemellawllc.com
    Attorneys for Plaintiff